UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIMBERLY-CLARK WORLDWIDE, INC., ET AL., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:07-CV-2078-G |
| ARQUEST, INC., | ) ) | **ECF** |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant, Arquest, Inc. ("Arquest"), to dismiss the claims of the plaintiffs, Kimberly-Clark Worldwide, Inc. ("K-C WW") and Kimberly-Clark Global Sales, Inc. ("K-C GS") (collectively, "K-C"), or, in the alternative, to stay the case pending the outcome of a substantially similar action filed first in the Southern District of New York. For the reasons set forth below, the motion to dismiss is denied and the motion to stay is granted.

### I. BACKGROUND

On December 12, 2007, Arquest filed a declaratory judgment action against K-C in the Southern District of New York (the "New York Case"). *See* Defendant's Motion to Dismiss, Or In the Alternative, Motion to Stay ("Motion to Dismiss") at 5. K-C has moved to dismiss the New York Case, alleging lack of personal

jurisdiction over K-C, or, in the alternative, for that Court to transfer the case to this District pursuant to 28 U.S.C. § 1404 to be consolidated with the instant case. *See generally* Memorandum of Law in Support of Kimberly-Clark Worldwide's Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, to Dismiss or Transfer ("K-C's Motion to Dismiss"), *attached to* Appendix to Kimberly-Clark Worldwide's and Kimberly-Clark Global Sales' Opposition to Arquest's Motion to Dismiss or Stay *as* Exhibit 1. Arquest has moved to dismiss the action before this court on the basis that it filed in the forum of its choice, which it claims it had the exclusive right to do by the signed agreement of the parties. *See* Motion to Dismiss at 2. Alternatively, both parties have moved to stay this case pending a decision from the Southern District of New York. *Id.* at 6; Kimberly-Clark Worldwide's and Kimberly-Clark Global Sales' Opposition to Arquest's Motion to Dismiss or Stay ("K-C's Response") at 1-2.

## II. ANALYSIS

When substantially related cases are pending before two federal courts, "the court initially seized of a controversy should be the one to decide whether it will try the case." *Mann Manufacturing, Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971) (discussing the so-called "first-to-file" rule). The first-to-file rule provides that once it is shown that there is "substantial overlap" between two cases, *id.* at 408, the court in which the case is first filed decides which of the two cases should proceed. *Cadle*

*Company v. Whataburger of Alice, Inc.*, 174 F.3d 599, 605-06 (5th Cir. 1999); *Save Power Limited v. Syntek Finance Corporation*, 121 F.3d 947, 950 (5th Cir. 1997).

There is clearly a "substantial overlap" between this suit and the case brought by Arquest in the Southern District of New York. In fact, the parties and the issues in the two cases are identical. Therefore, because the declaratory judgment action was filed by Arquest in New York one day before K-C filed the present action in this court, the Southern District of New York must determine which of the two cases should proceed.

### III. CONCLUSION

Both parties agree that this action should be stayed pending the outcome of the motion to dismiss in the Southern District of New York. At this time, it is unknown how long such a resolution will take. In an effort to manage this court's docket more efficiently, this case will be **ADMINISTRATIVELY CLOSED**. The case may be reopened, without prejudice, upon the motion of either party. The right to reopen shall continue until 30 days after the disposition of the motion to dismiss in the New York Case.

**SO ORDERED**.

April 11, 2008.

*A. Joe Fish*
A. JOE FISH
**Senior United States District Judge**